that the exceptions are not applicable in this case.

Though the Bankruptcy Code does not provide a definition of good faith, this court has defined a good faith purchaser as "one who buys 'in good faith' and 'for value.'" *Id.* at 281 (citing *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 147 (3d Cir.1986)). Lack of "good faith" is shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.* (citing *Cmty. Thrift & Loan v. Suchy (In re Suchy* ), 786 F.2d 900, 902 (9th Cir. 1985)). A buyer purchases an asset "for value" when "the purchaser pays 75% of the appraised value of the assets." *Id.* (citing *In re Abbotts,* 788 F.2d at 149).

The bankruptcy court did not clearly err when it found that the Chapter 7 trustee met its burden of establishing that the buyers were "good faith" purchasers of the Fearings' residence. The court heard unchallenged representations by counsel for the trustee and by the broker for the purchasers that: (1) the sale was an arms-length transaction; (2) the property had been listed in the multiple listing services; (3) there had been a number of showings; and (4) there was no relationship between the trustee and the buyers. The trustee also inquired at the hearing to approve the sale if there were any over-bidders. Appellants' residence was also clearly purchased "for value," given that the house sold for $775,000, only $25,000 less than the fair market value appraisal of the property stipulated to by the appellants at the time of sale. Because the buyers purchased the residence in good faith and for value, and because the relief appellants seek—unwinding of the sale and the bankruptcy estate's abandonment of the property—would serve to invalidate the sale, the mootness rule of § 363(m) applies. *See Southwest Prods., Inc. v. Durkin (In re Southwest Prods., Inc.),* 144 B.R. 100, 105 (9th Cir.BAP1992).

We also affirm the district court's dismissal of the Fearings' abandonment motion as moot. Because we decline to invalidate the sale of the Fearings' residence, there is nothing left for the bankruptcy estate to abandon to the appellants. This motion is therefore also moot. Because the Fearings' consolidated appeals are moot, we do not reach the merits of appellants' contentions concerning the validity of the bankruptcy court's order approving the sale of the disputed property.

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Henry SAINEZ, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Henry Sainez, Defendant—Appellee.**

Nos. 03–50465, 03–50515.

United States Court of Appeals,
Ninth Circuit.

Argued Sept. 17, 2004.

Submitted June 27, 2005.

Decided July 20, 2005.

William C. Bottger, Jr., Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Raphael, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee and Plaintiff–Appellant.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant and Defendant–Appellee.

Before: T.G. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Henry Sainez appeals the district court's denial of his motion to suppress a gun obtained from a search of his car. The Government cross-appeals the district court's decision to make two downward departures. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's denial of the motion to suppress and therefore affirm the conviction. We remand for re-sentencing, as necessary, in light of *United States v. Booker*[1] and *United States v. Ameline*.[2]

When Sainez finally submitted to authorities, reasonable suspicion existed for the stop.[3] Sainez's custodial arrest was proper under California and federal law.[4] Sainez conceded that if the arrest

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. 409 F.3d 1073 (9th Cir.2005) (en banc).

3. *See United States v. Smith,* 217 F.3d 746, 750 (9th Cir.2000) (explaining that seizure occurs only when "the suspect is physically subdued or submits to the assertion of authority").

4. *See* CAL. PENAL. CODE § 853.6(I) (2004) (providing for custodial arrest if "[t]he person arrested was so intoxicated that he or she could have been a danger to himself or herself

was proper, the impounding of his car, and the search, were proper as well.[5] Accordingly, we affirm the district court's denial of Sainez's motion to suppress.

■ As to the Government's cross-appeal, we review the sentencing issues for plain error.[6] We cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the Guidelines were advisory rather than mandatory, as the Supreme Court held in *Booker*.[7] Therefore, under *Ameline*, we remand for the limited purpose of making that determination.[8] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating the sentence.

Conviction AFFIRMED; Sentence REMANDED.

---

or to others" or if "[t]here was a reasonable likelihood that the offense or offenses would continue or resume, or that the safety of persons or property would be imminently endangered by release of the person arrested"); *see also United States v. Mota*, 982 F.2d 1384, 1387 (9th Cir.1993) (describing interaction of state requirements with federal law).

5. We note that the doctrine of inevitable discovery provides an alternative ground for the admission of the gun. If the deputies had locked or moved the car, which they would have had to in order to secure it or park it legally, they inevitably would have discovered the gun, the butt of which was in plain view. *See United States v. Wiga*, 662 F.2d 1325, 1333 n. 9 (9th Cir.1981).

6. *See Ameline*, 409 F.3d at 1078.

7. *Booker*, 125 S.Ct. at 764–65.

8. *See Ameline*, 409 F.3d at 1079.